# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FRANK MARTINO<br><br>*Plaintiff*,<br><br>v.<br><br>SYNCHRONOSS TECHNOLOGIES, INC.,<br><br>*Defendant.* | Case No.:<br><br><br><br>**JURY DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, FRANK MARTINO ("Frank" or "Plaintiff"), by and through his attorneys, and for his complaint against the Defendant, SYNCHRONOSS TECHNOLOGIES, INC. ("Synchronoss" or "Defendant"), states as follows:

## NATURE OF ACTION

1. This action is brought by Plaintiff pursuant to the Americans with Disabilities Act of 1990, as amended ("ADA" or "ADAAA"), 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, seeking relief for illegal discrimination, retaliation and failure to engage in the interactive process in violation of the ADA, as well as retaliatory discharge for taking FMLA leave.

## PARTIES

2. Plaintiff is an adult male residing in DuPage County, Illinois.

3. Defendant is a corporation doing business in the State of Illinois and headquartered in New Jersey.

4. At all relevant times, Defendant employed in excess of 50 employees at its New Jersey location and was thus an employer and covered entity as defined under the ADA and FMLA.

## JURISDICTION & VENUE

5. This Court has original jurisdiction over Plaintiff's ADA and FMLA claims under 28 U.S.C. §§ 1331 and 1334, and 29 U.S.C. § 2617.

6. When Plaintiff began working for Defendant, he was hired to work at Defendant's Chicago office.

7. Ultimately, Defendant's Chicago office closed.

8. Starting around late 2015/early 2016, Plaintiff began working remotely. He began reporting to and receiving assignments from Defendant's New Jersey headquarters.

9. During the relevant time period, Plaintiff maintained a home office within this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because all of the alleged unlawful employment practices giving rise to this Complaint occurred within this District.

## ADMINISTRATIVE EXHAUSTION

11. Plaintiff has exhausted all mandatory pre-complaint procedures required by law by filing timely administrative complaints with the New Jersey Division on Civil Rights and the U.S. Equal Employment Opportunity Commission.

12. More specifically, Plaintiff filed Charge No. 440-2021-03661 on June 22, 2021.

On July 7, 2021, the EEOC issued its "Dismissal and Notice of Rights" letter directing Plaintiff to file suit. A copy of the EEOC Charge and the Dismissal and Notice of Rights is attached hereto as Exhibit 1.

13. Plaintiff files this complaint against Defendant within 90 days of his receipt of the EEOC Notice.

## FACTS COMMON TO ALL COUNTS

14. About 10 years ago, Frank began working at Synchronoss as a Software Architect.

15. Initially, Frank worked at Defendant's Chicago office, but the office was closed around late 2015/early 2016, and he began working remotely.

16. Throughout his employment, Frank met or exceeded Defendant's legitimate expectations.

17. Around 2018, Frank developed debilitating back pain.

18. Frank's physical impairment increased by him being subjected to long periods of sitting or standing while working as a Software Architect.

19. Defendant was aware of Frank's medical condition.

20. Around June 2020, Frank applied for FMLA leave to obtain care for his serious health condition, which required surgical intervention and ongoing care.

21. Frank was approved for a continuous FMLA leave.

22. In June of 2020, Frank was required to undergo treatment on his back.

23. While on FMLA leave, Frank was scheduled to undergo spinal fusion surgery, which required him to take more time off than he originally planned.

24. Frank immediately notified Defendant about this. In fact, throughout the time that Frank was off work, he consistently kept in touch with Synchronoss and kept Defendant informed about his recovery.

25. Around November 2020, Frank underwent surgery.

26. On or around November 13, 2020, Plaintiff requested several medical accommodations.

27. Without undue hardship, Defendant could have granted Frank a reasonable accommodation to allow him to work.

28. Defendant failed to engage in the required interactive process.

29. Plaintiff was able to perform the essential functions of his job with an accommodation.

30. On or around December 8, 2020, Frank was terminated.

31. In retaliation for Frank availing himself of rights guaranteed to him under the FMLA and seeking accommodations under the ADA, Defendant accused Frank of failing to return Defendant's calls when in reality he was terminated for taking FMLA leave and requesting medical accommodations.

## COUNT I
### Violation of the ADA - Disability Discrimination, Including Failure to Accommodate

32. Plaintiff re-pleads and re-alleges Paragraphs 1 through 31 as if fully plead herein.

33. The ADA makes it unlawful for an employer such as Defendant to discriminate against a qualified individual based on a disability in regard to discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment, including a failure to make reasonable accommodations to the known physical and mental limitations of an employee who is otherwise a qualified individual with a disability. *See* 42 U.S.C. § 12112(a) and (b).

34. Frank has debilitating back problems.

35. At all relevant times, Frank was "disabled" as defined under the ADA.

36. At all relevant times, Frank was a "qualified individual" as defined under the ADA. See 42 U.S.C. 42 U.S.C. § 12111(8).

37. Defendant without undue hardship could have granted Frank a reasonable accommodation to allow him to work.

38. Synchronoss failed to engage in an interactive process to identify potential work adjustments that would have allowed Frank to work in his position with the limitations related to his disability.

39. When Frank asked for accommodations, Defendant terminated his employment.

40. As a direct and proximate cause of Synchronoss' illegal conduct described above, Frank has lost, and is expected to continue to lose, income in the form of wages, social security and other benefits in a sum to be proven at trial, and has suffered emotional and physical pain, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

41. Defendant knew that its acts as described above were prohibited by the ADA or acted with reckless disregard to that possibility. Defendant should, therefore, be subject to punitive damages as an example to deter others from engaging in conduct of this kind.

WHEREFORE, Plaintiff prays for judgment regarding all of his claims as follows:

a. Equitable and prospective declaratory and injunctive relief;
b. Compensatory damages allowed by law;
c. Exemplary or punitive damages allowable by law;
d. Pre- and post-judgment interest, costs, attorneys' fees; and
e. Any other relief to which Plaintiff may be entitled under the applicable federal and state laws, and such other relief as the Court deems just and equitable.

## COUNT II
### Violation of the FMLA

42. Plaintiff re-pleads and re-alleges Paragraphs 1 through 41 as if fully plead herein.

43. Frank had worked continuously for Defendant, for more than twelve (12) months preceding his request for FMLA leave.

44. Frank had worked more than 1250 hours during the twelve (12) month period preceding his request for FMLA leave.

45. Frank's debilitating back problem constitutes a "serious health conditions" within the meaning of the FMLA, 29 U.S.C. § 2612. As a result, Frank was entitled to FMLA leave.

46. Frank was entitled to receive twelve weeks of unpaid leave, which could be taken all at once or intermittently, under the FMLA.

47. Around June 2020, Frank applied for FMLA and was approved for continuous leave, allowing him to take off so he could receive treatment and recover.

48. However, Frank required surgery in November 2020 and had to take more time off than he originally anticipated.

49. While recovering, Frank was in constant contact with Synchronoss.

50. Then on or around December 8, 2020, Frank was terminated.

51. Such action constitutes a violation of the FMLA as retaliation.

52. Defendant retaliated against Frank for exercising his rights under the FMLA.

WHEREFORE, Plaintiff prays for judgment regarding all of his claims as follows:

a. Declaring that the acts and practices by Defendant as described herein constitute a violation of the FMLA;
b. Enjoining and permanently restraining these violations of the FMLA;
c. Awarding Frank back wages and lost benefits due to the Defendant's violations of the FMLA;

d. Awarding Frank front pay, or, in the alternative, directing Defendant to reinstate Frank to his previous position;
e. Awarding Frank liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);
f. Awarding reasonable attorneys' fees and costs incurred by Frank in connection with the instant action; and
g. Awarding Frank such further additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

Respectfully submitted,

Fish Potter Bolaños, P.C.

By:*/s/ Thalia Pacheco*_____
One of Plaintiff's Attorneys

**TRIAL BY JURY DEMANDED**

Kimberly Hilton
Thalia Pacheco
Fish Potter Bolaños, P.C.
200 E. 5th Ave, Suite 123
Naperville, IL 60563
Telephone 312-861-1800
Facsimile 630-778-0400
khilton@fishlawfirm.com
TPacheco@fishlawfirm.com
Docketing@fishlawfirm.com